IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY JACKSON,     ) | | |
|     Plaintiff,     ) | | |
|     ) | | |
| v.     ) | | 3:08-CV-1527-N |
|     ) | | |
| TEXAS DEPARTMENT OF CRIMINAL     ) | | |
| JUSTICE, PAROLE DIVISION,     ) | | |
|     Defendant.     ) | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff resides in Dallas, Texas. Defendant is the Texas Department of Criminal Justice (TDCJ), Parole Division. The court did not issue process in this case, pending preliminary screening.

Statement of Case: The complaint seeks monetary relief against the TDCJ Parole Division for causing Plaintiff to serve more prison time as a result of erroneous parole information, which ultimately led to the issuance of a parole violation warrant and the revocation of his parole.

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*.

His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2)(B), which reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The complaint seeks monetary relief against TDCJ, a State instrumentality. The Eleventh Amendment bars suit against a state or a state entity regardless of whether money damages or injunctive relief is sought. *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *see also Briggs v. Mississippi*, 331 F.3d 499 (5th Cir. 2003). As a state instrumentality, TDCJ is immune from a suit seeking monetary relief on Eleventh Amendment grounds. *Aguilar*, 160 F.3d at 1054; *see also Mayfield v. Texas Dept. Of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008). Therefore, Plaintiff's complaint against the TDCJ parole division is barred by the Eleventh Amendment.

RECOMMENDATION:

For the forgoing reasons, it is recommended that the District Court dismiss Plaintiff's complaint with prejudice for seeking relief against a Defendant who is immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), unless within twenty (20) days of the date of this recommendation Plaintiff files an amended complaint naming an entity and/or individual who is

not immune from such relief.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 21st day of October, 2008.

/s/ Wm. F. Sanderson, Jr.
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.